FARMERS' LOAN & TRUST CO. v. HOFFMAN HOUSE (HOFFMAN
        HOUSE, NEW YORK, Intervener).

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. ACTIONS—STAY OF PROCEEDINGS—GROUNDS FOR DENIAL.
    A motion to stay the parties to an action to foreclose a mortgage from
    proceeding on the report of a referee determining the balance remaining
    due from the purchaser at the foreclosure sale until after the further ad-
    judication of an order by which it had been allowed to intervene in the
    action was properly denied where the claims of the purchaser for al-
    lowance were presented and passed on by the referee, and the only effect
    of the stay would have been to permit it to again present the same
    claims, the purchaser having an adequate remedy by appeal if dis-
    satisfied with the report of the referee.

Appeal from Special Term, New York County.

Action to foreclose a mortgage, brought by the Farmers' Loan &
Trust Company against the Hoffman House, a New Jersey corpora-
tion.   The Hoffman House, New York, purchased at the sale.   The
cause was afterwards referred to a referee to determine the balance
remaining due from the purchaser.   From an order denying its mo-
tion for a stay of proceedings on the referee's report until after the
further adjudication of an order by which it had been allowed to in-
tervene in the action, the Hoffman House, New York, appeals.   Af-
firmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

David McClure, for appellant.
Charles E. Hughes, for respondent receiver.
James F. Horan, for respondent.

INGRAHAM, J.   The Hoffman House, New York, was the pur-
chaser at a sale under a judgment in this action, which was to fore-
close a mortgage upon certain property of the defendant, the Hoff-
man House.   Under the judgment the purchaser was allowed to
pay a certain amount of the purchase money in cash and the remain-
der in bonds secured by the mortgage which was foreclosed.   When
the purchase was completed, the purchaser delivered to the referee
300 out of the 425 outstanding bonds secured by the mortgage, and,
in lieu of the delivery of the remaining bonds, the court, by order,
directed the referee to complete the purchase upon the purchaser
giving a bond in the penalty of $35,000 to secure the balance of the
purchase money in case the remainder of the bonds should not be
delivered to the referee as provided by the judgment.   The referee
thereupon completed the purchase and delivered the deed to the
appellant, who then took possession of the mortgaged premises,
and since that time has remained in possession thereof.   Subsequently
the plaintiff made an application to ascertain the value of the re-
maining outstanding 125 bonds secured by the mortgage, and which
were not delivered to the referee upon the completion of the pur-
chase; whereupon an order of reference was entered directing a ref-
eree to take proof of the amount properly chargeable against the

gross proceeds of the foreclosure sale; and subsequently, on the 13th day of December, 1900, that order was modified, and the referee was directed "to take proof and ascertain the amount which the Hoffman House, New York, the purchaser on the foreclosure sale herein, should be permitted to deduct from its bid, and to take proof of the amounts properly chargeable against the gross proceeds of the foreclosure sale herein for the compensation and expenses of Grosvenor S. Hubbard, Esq., referee herein, and for the compensation of the attorneys and of the receiver herein, and to ascertain the value of said outstanding 125 mortgage bonds of the Hoffman House, the defendant in this action, and that said referee report the said amounts, together with the proof, to this court." In pursuance of that order the referee proceeded, and made his final report, in which he allowed the purchaser all sums of money to which it was entitled for payments made by it on account of the liens upon the property, including rent that it had paid to the lessors of the leases which were foreclosed in this action. The appellant, the Hoffman House, New York, appeared before the referee, and presented its proof, and had its claim passed on by the referee. The referee made his report, whereby he determined the amount that the 125 bonds which were not delivered to the referee would be entitled to from the proceeds of the sale, charged the purchaser with that amount, and allowed to the purchaser the amount that it had paid for rent and other liens upon the property with which it was entitled to be credited, and determined that the balance remaining due from the purchaser was $30,353.75. The appellant then made a motion to stay the parties to the action from proceeding upon this report until after the further adjudication under the order by which it had been allowed to intervene in the action.

It is difficult to see how this can be of any advantage to the appellant. In the proceeding before the referee, whose report has been made, the claims of the appellant for an allowance were presented, and those claims were passed upon and determined by the referee. It can only present the same claims again which have been considered and passed upon in a proceeding to which the purchaser was a party. All of the questions as to the right of the purchaser have been disposed of by the referee in the report already made; and, if the appellant is not satisfied with that report, it can appeal, and have the question as to the amount that it is entitled to have credited upon the balance due of the purchase money finally determined. I can discover in this petition no claim on behalf of the appellant that it could not have presented before the referee in the proceeding which has already terminated. In fact, so far as appears, there is no claim of the appellant that was not presented to and considered by the referee, and by him passed upon in his report already made. There certainly is suggested no reason why the proceeding should be further adjourned, and a new reference had to go over the same ground that has been gone over by the referee in the proceeding already terminated. The appellant claims that, if the referee's report is allowed to stand, great injustice would be done to it; but any injustice that has been done in that proceeding can be corrected on

the appeal from the order confirming the referee's report, which is now pending, and which will finally determine the rights of all the parties.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.